FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 2:24-CR-00046-TOR-1 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | **MOTION DENIED**<br>(ECF No. 17) |
| DERRICK GENE BONATO, | |
| Defendant. | **MOTION GRANTED**<br>(ECF No. 18) |

On April 29, 2024, the Court held a detention review hearing to consider Defendant DERRICK GENE BONATO's Motion to Modify Conditions of Release and Motion to Expedite. **ECF Nos. 17-18**. Defendant appeared while in custody with court-appointed counsel David Miller. Assistant U.S. Attorney Tim Ohms represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

## I. DETENTION REVIEW HEARING

Defendant initially waived his right to a detention hearing. ECF No. 13. Defendant now seeks to reopen the question of detention and the Court finds that Defendant's Motion to Modify Conditions of Release, ECF No. 17, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing. Specifically, Defendant seeks temporary release to Pioneer Center East (PCE), an inpatient substance abuse treatment facility, on May 6, 2024, to avail himself of substance abuse treatment.

ORDER - 1

The United States argued there are no conditions the Court could impose that would reasonably assure Defendant's appearance as required and/or safety of any other person and the community. The United States noted Defendant's lengthy criminal history that includes convictions involving minor victims, violence and threats of violence, numerous controlled substance offenses, and firearm offenses, along with multiple failures to appear.

The Court considered the proffers and arguments of counsel and the file in this case, including the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 6; the Pretrial Services Report, ECF No. 9; Defendant's Motion to Modify Release Conditions, ECF No. 17; and Defendant's Motion to Expedite, ECF No. 18.

## II.  APPLICATION OF THE BAIL REFORM ACT

### A.  The Bail Reform Act Generally.

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Absent a statutory presumption of detention, the burden of proof to support a motion for detention rests with the United States, which must establish a defendant's risk of nonappearance by a preponderance of the evidence and a defendant's dangerousness to the community or any other person by the higher standard of clear and convincing evidence. *Motamedi*, 767 F.2d at 1406–07. Here, the United States may seek Defendant's detention because this case involves

ORDER - 2

specified crimes under the Controlled Substances Act and a crime involving a firearm. *See* ECF No. 1; 18 U.S.C. § 3142(f)(1)(C), (f)(1)(E).

To guide the Court's determination as to whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community, the Court has considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

B.  **Rebuttable Presumption of Detention.**

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A), asserting this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. *See* ECF No. 6 at 3. In a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if there is probable cause to believe that the person committed a qualifying offense. 18 U.S.C. § 3142(e)(3). The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A). *See* ECF Nos. 1, 3.

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d

ORDER - 3

1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Here, Defendant proffered that he would attend inpatient substance abuse treatment at an unsecure facility and abide by all conditions of release the Court might impose. The Court has analyzed and considered the 18 U.S.C. § 3142(g) factors as set forth below. After careful consideration, the Court finds Defendant's proffer is insufficient to overcome the presumption of detention. Additionally, even if the presumption of detention did not apply, the Court's analysis regarding the 18 U.S.C. § 3142(g) detention factors as set forth below compels the same result.

C.     **Nature and Circumstances of the Charged Offenses.**

While the Bail Reform Act does not abrogate Defendant's presumption of innocence and the Court presumes Defendant's innocence, the nature and circumstances of the charged offenses are very serious. The allegations in the Indictment carry serious consequences, including a 10-year mandatory minimum term of imprisonment and a maximum term of up to life imprisonment. ECF Nos. 1, 3. Specifically, Defendant is charged with Possession with Intent to Distribute 40 Grams or More of Fentanyl (two counts) and Felon in Possession of a Firearm. ECF No. 1. Additionally, as noted above, the drug trafficking offenses alleged in the Indictment also trigger a presumption of detention, which even if rebutted, would remain a factor the Court must consider. Finally, the allegations in the Indictment also involve the possession of a firearm. Firearms and controlled

ORDER - 4

substances are a toxic mix that increases the risk and frequency of violence in the community. This factor weighs in favor of detention.

D. **Weight of the Evidence.**

The Court considers the weight of the evidence as the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). Based on the case file, the weight of the evidence against Defendant is necessarily sufficient for the Grand Jury to return an Indictment. Based on the current record before the Court, this factor weighs in favor of detention.

E. **Defendant's History and Characteristics.**

Defendant is 41 years old and appears to have resided in eastern Washington and Idaho most of his adult life. ECF No. 9 at 1-8. Defendant does not appear to have a significant employment history. *Id*. at 2. Defendant does have a significant history of substance abuse up until his arrest in December 2023. *Id*.

Defendant's history and characteristics also include numerous law enforcement contacts and convictions beginning at age 16 and continuing to the present. *Id*. at 3-8. Defendant's criminal history includes juvenile convictions for alcohol and driving offenses. *Id*. at 3. Defendant's adult criminal history includes convictions for disorderly conduct (2001); controlled substance offenses, including endangerment with a controlled substance (2001; 2006; 2010; 2018; 2020; 2021—two convictions); disturbing the peace (2003; 2006); first degree child molestation (2008—"uncontested resolution"); driving offenses (2009); harassment—threat to kill (2014); assault—domestic violence (2015); protection order violation (2015); criminal mischief—deadly weapon (2017); and, second degree unlawful possession of a firearm (2017; 2020). *Id*. at 3-8. Defendant has repeatedly received significant sentences of incarceration, including several 20-month

ORDER - 5

sentences and a 68-month sentence. *Id*. Defendant has also failed to appear for approximately 11 prior court hearings and failed to comply with court requirements on another occasion. *Id*. Defendant was also on Drug Offender Sentencing Alternative (DOSA) supervision at the time of the instant offense in two separate state cases.

This factor weighs heavily in favor of Defendant's detention. While Defendant appears to have significant ties to eastern Washington and Idaho, Defendant's criminal history is concerning and includes multiple convictions for acts of violence, controlled substance offenses, an offense against a child, and firearms offenses, along with repeated failures to appear and follow Court directives and requirements.

### F. Nature and Seriousness of the Danger to the Community Posed by Defendant's Release.

Finally, the Court must consider whether Defendant would pose an unacceptable risk to the safety of the community if released. The allegations in the Indictment are of great concern and involve the alleged possession with intent to distribute fentanyl, a particularly dangerous controlled substance, along with the possession of a firearm by a prohibited person. ECF No 1. Additionally, Defendant has accumulated a significant criminal history that includes multiple convictions prior controlled substance offenses, acts of violence, firearms offenses, and a crime against a child. ECF No. 9 at 3-8. On the record before the Court, this factor weighs in favor of Defendant's detention.

### III.   ORDER

The Court considered the proffers and arguments of counsel and the file in this case, including the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 6; the Pretrial Services Report, ECF No. 9; Defendant's Motion to Modify Release Conditions, ECF No. 17; and Defendant's Motion to

ORDER - 6

Expedite, ECF No. 18. Pursuant to 18 U.S.C. § 3142, the Court has also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). The Court has also considered that a rebuttable presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3)(A).

Based on all of the reasons set forth in this Order and stated during the hearing, the Court finds Defendant has failed to overcome the presumption of detention in this case. Additionally, regardless of the presumption of detention, the Court also finds the Government has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and the Government has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released.

**IT IS ORDERED:**

1. The Defendant's Motion to Modify Conditions of Release, **ECF No. 17,** is **DENIED**. Defendant's Motion to Expedite Motion to Modify Release Conditions, **ECF No. 18**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

ORDER ~ 7

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

5. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order

ORDER - 8

Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED May 6, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 9